# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN SMITH,<br>    Petitioner,<br>  v.<br>MARK V. CAPOZZA, *et al.*,<br>    Respondents. | CIVIL ACTION NO. 15-3222 |

## MEMORANDUM OPINION

Rufe, J.                                    September 6, 2018

Petitioner Edwin Smith, proceeding *pro se*, objects to the Amended Report and Recommendation ("R&R") of Magistrate Judge Carol Sandra Moore Wells, which recommends that the Court deny the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Upon consideration of the record and of the objections in this case, the Court will overrule the objections and approve and adopt the R&R.

## I.  BACKGROUND[1]

In 2008, following a jury trial, Petitioner Edwin Smith was convicted of second degree murder, criminal conspiracy, robbery, and possession of an instrument of crime and was sentenced to life imprisonment. The evidence at trial showed that the victim, Tyrone Clanton, died of a single gunshot wound to the head at the second-floor apartment of Petitioner's co-defendant, Lonnie Johnson. Johnson's girlfriend testified that she heard gunshots from outside the house, and after entering the apartment, she saw the Petitioner in the room with the victim lying on the floor and Lonnie Johnson cleaning up with a rag. When confronted with her prior

---

[1] The R&R set forth the procedural history of Petitioner's state criminal case and will be incorporated by reference here. The Court adopts this section of the R&R and summarizes the history to provide the relevant context.

statement, the witness acknowledged that she previously told detectives she saw Petitioner holding a gun and Johnson going through the victim's pockets. The prosecution also introduced a redacted confession by Petitioner, which he unsuccessfully sought to exclude, admitting that he had been recruited by Johnson to participate in robbing the victim but denying that he was the gunman.

Petitioner filed a timely appeal challenging only the sufficiency of the evidence to support his conviction. The Pennsylvania Superior Court affirmed the conviction,[2] and the Pennsylvania Supreme Court denied allocatur on November 10, 2009.

Plaintiff then filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA) on March 22, 2010. Counsel was appointed, but later filed a no-merit letter and moved to withdraw from the case. Petitioner objected to counsel's letter and requested 60 days to amend his PCRA petition. Without ruling on Petitioner's motion to amend, the PCRA court dismissed the petition and granted counsel permission to withdraw on June 13, 2012. Defendant did not appeal the dismissal.[3] On March 4, 2013, Petitioner filed a second PCRA petition asserting that the PCRA court had failed to rule on his motion to amend his first petition and to inform him of the denial of the petition. This second PCRA petition remained pending for four-and-a-half years until September 25, 2017, when the state court found that Petitioner had met the governmental interference standard in the PCRA and reinstated, *nunc pro tunc*, Petitioner's right to appeal the denial of his first PCRA petition within 30 days. Petitioner declined to take advantage of his reinstated appellate right.

---

[2] The superior court did vacate a concurrent 10-20 year sentence imposed on the robbery charge, which merged with the felony murder charge.

[3] Petitioner also asserts that he attempted to file another PCRA petition on September 21, 2012, raising Petitioner's ineffectiveness during plea bargaining and constructive amendment claims, but this PCRA petition was not docketed.

In 2015, while his PCRA petition was pending, Petitioner filed his initial habeas petition in this Court, which he subsequently supplemented. The petition, as supplemented, raises the following claims:

- Claim One: The prosecutor violated *Brady* by failing to produce a copy of the criminal complaint against Petitioner signed by prosecution witness, Detective McDermott.

- Claim Two: Trial counsel was ineffective in allegedly advising Petitioner to reject a purported plea offer before trial.

- Claims Three and Four: The Information was constructively amended to include second degree murder.

- Claim Five: The prosecutor committed misconduct during closing argument by expressing her personal opinion concerning Petitioner's level of guilt.

- Claim Six: The prosecution violated Petitioner's right to confrontation by failing to produce a written statement of a key prosecution witness.

- Claim Seven: Alternatively, the prosecution violated Petitioner's right to due process by failing to preserve the witness's statements during a prior interview.

- Claim Eight: The PCRA court wrongfully failed to disclose the delay in adjudicating Petitioner's PCRA to the Administrative Office.

- Claim Nine: The PCRA court violated Petitioner's equal protection rights by treating him differently from similarly situated defendants with pending PCRA petitions.

- Claim Ten: The PCRA court violated Petitioner's due process and equal protection rights by treating him differently from other similarly situated defendants throughout his state court proceedings.[4]

After several rounds of briefing and targeted discovery, both before and after the conclusion of Petitioner's PCRA proceedings, the Magistrate Judge issued her R&R, recommending dismissal or denial of the Petition on all claims.[5] Specifically, the Magistrate Judge concluded that claim eight is not cognizable as a federal constitutional violation; that claims two through seven, nine

---

[4] R&R at 4-5.

[5] The Magistrate Judge issued an original Report and Recommendation on February 9, 2018. After the Court granted Petitioner's Motion for Permission to file supplemental briefing out of time, the Petition was again referred to Judge Wells for an amended report and recommendation.

3

and ten are all procedurally defaulted because Petitioner failed to fairly present them to the state court during either direct appeal or PCRA proceedings; and that claim one lacks merit because Petitioner failed to demonstrate the prejudice from the alleged withholding of the criminal complaint.

Petitioner filed objections to the R&R, contesting the finding of procedural default with respect to claims two through five, and the finding of no merit with respect to claim one. The Court will address each of these objections.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996[6] ("AEDPA") governs habeas petitions, like the one before this Court. Under AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[7]

Where the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court shall conduct a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[8]

---

[6] 28 U.S.C. § 2254.
[7] 28 U.S.C. § 2254(a).
[8] 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

### A. Procedural Default of Claims Three through Five

The R&R concluded that Petitioner had procedurally defaulted on claims three through five of the Petition because each of the claims was available to Petitioner on direct appeal, but he failed to raise any of them, and cannot now do so under Pennsylvania procedural rules concerning waiver.[9] In his objections, Petitioner asserts that he was not required to raise his claims during direct appeal in order to exhaust them, and that he would have presented his claims to the PCRA court had it granted him leave to amend his PCRA petition in a timely manner.

In support of his position, Petitioner relies on *Bennett v. Superintendent Graterford SCI*,[10] in which the Court of Appeals held that a petitioner who failed to file a direct appeal had appropriately exhausted his due process claim by "fairly present[ing] his federal claim on PCRA review."[11] However, the Court in *Bennett* expressly declined to address the question of whether the petitioner's failure to file a direct appeal resulted in procedural default of his claim because the state had not raised and preserved its procedural default defense before the district court or on appeal.[12] In contrast, the Commonwealth here has argued that Petitioner's claims are procedurally defaulted pursuant to Pennsylvania Rules of Criminal Procedure, which state that an issue is waived for purposes of PCRA relief "if the petitioner could have raised it but failed to

---

[9] R&R at 8 (citing 42 Pa. Cons. Stat. Ann. § 9544(b); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)). The R&R also rejected Petitioner's argument that his waiver was excused by the ineffectiveness of his direct appeal counsel because Petitioner had failed to raise this ineffectiveness claim during his PCRA proceedings. Petitioner has not raised this ineffectiveness argument in his objections.

[10] 886 F.3d 268, 281 (3d Cir. 2018).

[11] *Id.* at 281.

[12] *Id.* at 281 n. 11.

do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding."[13]

Moreover, in *Bennett*, the petitioner had actually presented his claim in his initial PCRA petition, and diligently pursued his avenues of appeal during his PCRA proceedings, such that at least one state court addressed his federal claim on the merits.[14] Here, Petitioner not only failed to raise claims three through five on direct appeal, but also failed to raise the claims in his original March 2010 PCRA petition, and failed to pursue an appeal with respect to his first PCRA petition even after his right to appeal was reinstated.[15] This prevented the state courts from having a fair opportunity to review the merits of Petitioner's claims in the first instance. Under these circumstances, because Petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," "there is a procedural default for purposes of federal habeas."[16]

### B. Procedural Default of Claim Two

Unlike claims three through five, claim two raises an ineffective assistance of counsel claim, which did not need to be raised on direct appeal in order to avoid waiver under Pennsylvania law.[17] The Magistrate Judge nonetheless found that claim two was unexhausted and procedurally defaulted because to the extent Petitioner attempted to raise the claim during the course of his PCRA proceedings, Petitioner intentionally declined to appeal the denial of his

---

[13] Supplemental Response (Doc. No. 49) at 6 (citing 42 Pa. Cons. Stat. Ann. § 9544(b)).

[14] *Bennett*, 886 F.3d at 276-79.

[15] As discussed below with respect to Claim Two, while Petitioner asserts that he sought leave to amend the PCRA petition to raise these claims and attempted to file a second PCRA petition on September 21, 2012 to raise these claims, these efforts do not excuse Petitioner's prior and subsequent lack of diligence in pursuing his claims.

[16] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

[17] R&R at 9 (citing *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002)).

PCRA petition after winning the right to do so.[18]  In his objections to the R&R, Petitioner contends that his failure to exhaust his PCRA remedies was excused by the PCRA court's failure to act or rule on Petitioner's request for leave to amend his PCRA petition to add this claim and by that court's failure to docket a second PCRA petition raising his claims that he attempted to file on September 21, 2012.  However, while inordinate delay that renders a state remedy "effectively unavailable" may excuse exhaustion,[19] and governmental interference may excuse procedural default when the state's conduct renders compliance with the procedural rules impracticable,[20] the state court's alleged deficiencies in this case did not deprive Petitioner of the reasonable opportunities he had to raise his claims in accordance with state procedures.  Specifically, Petitioner did not present his ineffectiveness claim in his original March 2010 PCRA petition, and while Petitioner attempted to amend his petition, the state court was not "required to grant [him] leave to amend the PCRA petition," as Petitioner contends,[21] but could instead elect to dismiss the petition.[22]  Nor has Plaintiff established that he would have been entitled to raise his claims in a subsequent PCRA petition when they were initially omitted from his first petition.

Petitioner further asserts that his failure to pursue his reinstated appellate rights should be excused because any attempt to raise his claim in an appeal of his first PCRA petition would have been futile in light of procedural rules pertaining to waiver of claims not previously

---

[18] *Id*.

[19] *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986).

[20] *Tyson v. Beard*, No. 06-290, 2013 WL 4547780, at *18 (E.D. Pa. Aug. 27, 2013) (citing *U.S. v. Pelullo,* 399 F.3d 197, 223 (3d Cir. 2005)).

[21] Objections at 4 n.1.

[22] Pa. R. Crim. P. 907(1) (after a defendant responds to a proposed dismissal, the judge thereafter "shall *order the petition dismissed*, grant leave to file an amended petition, *or* direct that the proceedings continue") (emphasis added).

7

raised.[23] However, these waiver rules establish the basis for the procedural default of his claims, and Petitioner cannot avoid this result by refusing to file an appeal.[24]

### C. Merits of Claim One

Claim one of the Petition asserts that prosecutors violated their *Brady* obligations by failing to produce a copy of the criminal complaint as signed by a prosecution witness, Detective McDermott, as part of discovery, and that Petitioner was prejudiced because certain factual inaccuracies in the complaint could have been used by defense counsel to impeach McDermott during Petitioner's suppression hearing to exclude his confession from trial. Under *Brady,* "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or to punishment . . . ."[25] To establish a *Brady* violation, a defendant must show that (1) the evidence at issue is favorable, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the state, either willfully or inadvertently; and (3) the omission of the evidence prejudiced the defendant.[26] A *Brady* violation does not occur unless there is a reasonable probability that the suppressed evidence would have produced a different verdict.[27] Here, even if the criminal complaint was withheld from Petitioner and his counsel, Petitioner has not shown prejudice.

The R&R found that claim one was procedurally defaulted because it was not raised on direct appeal, but proceeded to assess the claim on the merits because a meritorious *Brady* claim

---

[23] Objections at 7.

[24] *See, e.g. Bibbs v. Glunt*, No. 14-5649, 2016 WL 5660478, at *1 n.1 (E.D. Pa. Sept. 27, 2016) (rejecting Petitioner's argument that his procedural default should be excused by Pennsylvania rules precluding him from raising his claims on the grounds that "it is precisely because petitioner cannot now return to state court that his . . . claim is procedurally defaulted.").

[25] *Brady* v. Maryland, 373 U.S. 83, 87 (1963).

[26] *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999).

[27] *Strickler,* 527 U.S. at 281.

could establish both cause and prejudice to overcome the default.[28] In assessing the claim, the R&R concluded that any withholding of the criminal complaint was insufficiently prejudicial to establish a *Brady* violation because the evidence at trial overwhelmingly established Petitioner's guilt in light of Pennsylvania felony murder law and Petitioner's confession that he agreed to rob the victim.[29]

In his objections, Petitioner asserts that evidence undermining the credibility of Detective McDermott would have resulted in suppression of Petitioner's confession because McDermott's testimony was critical to the trial court's denial of Petitioner's motion to suppress his confession.[30] During the suppression hearing, Petitioner challenged the voluntariness of his confession and testified that he was subjected to physical violence, coercion, threats, and mistreatment prior to interrogation. In establishing the voluntariness of the confession, the prosecution relied primarily on McDermott's testimony concerning the circumstances surrounding Petitioner's interrogation. Petitioner contends that the suppression of his confession would have established a reasonable probability of a different verdict.

However, Petitioner has not established that the alleged inaccuracies in the complaint would have materially undermined McDermott's credibility. Petitioner asserts that the following statement in the complaint was inconsistent with evidence available to McDermott at the time: "At/Near 6013 Yocum St. in the Course of Committing a theft, [Petitioner] caused the death of the decedent, Tyrone Clanton, by shooting the decedent in the head multiple times, and

---

[28] R&R at 11 (citing *Banks v. Dretke*, 540 U.S. 668, [692] (2004)).

[29] R&R at 12.

[30] Petitioner also asserts that the R&R improperly applied a "sufficiency of the evidence" standard in evaluating Petitioner's *Brady* claim. Objections at 9-10. However, the R&R did not rely on the mere sufficiency of the remaining evidence in concluding that the allegedly withheld evidence was not prejudicial; rather it concluded that in light of the totality of the evidence, evidence of the discrepancies at issue did not undermine confidence in the verdict. R&R at 12.

9

[Petitioner] searched through the decedent's pockets."[31] Petitioner contends that the assertion that decedent was shot multiple times was inconsistent with the coroner's report, which established that the victim had only been shot once in the head. Petitioner also contends that there was no account from any witness of Petitioner going through the victim's pockets; to the contrary, Johnson's girlfriend testified that Johnson had done that.

These discrepancies are not sufficiently indicative of intentional misrepresentation or otherwise sufficiently probative of bias or dishonesty to support a reasonable probability that the trial court would have reached a different conclusion with respect to the voluntariness of Petitioner's confession. Criminal complaints are intended to set forth a summary of the facts to allow a defendant to be apprised of the nature of the offense charged, and need not cite specifically to the supporting evidence.[32] The discrepancies at issue could be reasonably explained by mistakes in reviewing the evidence at an early stage of criminal proceedings, which do not call into question McDermott's ability to offer truthful first-hand testimony concerning Petitioner's interrogation. In addition, Petitioner's assertion that the discrepancies in the complaint would have led to discovery of additional evidence of other false testimony by McDermott is purely speculative.

IV. CONCLUSION

The objections to the R&R are overruled. In addition, although Petitioner has not raised specific objections to the Magistrate Judge's recommendations with respect to claims six through ten, this Court concludes, upon an independent review of the parties' arguments and supporting documents, that claims six, seven, nine and ten are procedurally defaulted, and claim eight fails to state a cognizable violation of the Constitution. Specifically, claims six, seven, nine, and ten

---

[31] Petitioner's Unsworn Declaration (Doc. No. 31) at Exhibit F-1.

[32] Pa. R. Crim. P. 504.

were never presented to any Pennsylvania court, rendering them unexhausted and procedurally defaulted. Claim eight is based solely on alleged violations of state administrative law, and Petitioner has not established that these violations implicate any federal constitutional right.

Accordingly, the Petition will be denied with respect to all claims. No hearing is warranted because Petitioner has not shown how such a hearing would advance his claims beyond the existing facts in the record.[33] Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, as there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[34]

---

[33] *See Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000).

[34] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).